UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00121-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BRET OGILVIE AND LINWOOD TRACY, JR., | |
| Defendants. | |

Before the Court are numerous motions filed by Defendants Bret Ogilvie and Linwood Tracy. The Court heard arguments from both Ogilvie and Tracy as to why the Indictment should be dismissed. After considering the arguments from Defendants and the United States, the Court denies each motion consistent with the reasoning set forth below.

The Court's February 5, 2013, Order summarizes the factual allegations contained in the Indictment. (*See* dkt. no. 64.) Relevant to these motions, Defendants Ogilvie and Tracy have filed a total of 21 motions since January 25, 2013, many of them repeating arguments contained in previously filed motions. For ease of analysis, the Court groups the motions separately, organized by each Defendant and by the type of motion.

I.   **BRETT OGILVIE'S MOTIONS**

   A.   **General Arguments**

At the April 17, 2013, hearing, Ogilvie presented a number of broad arguments challenging the validity of the Indictment. These arguments fall into three general

categories: a challenge to the Court's jurisdiction; Ogilvie's constitutional defense against the Indictment; and challenges to a number of factual allegations presented in the Indictment.

Ogilvie's first set of arguments concern the jurisdiction of the Court to preside over this criminal case. Ogilvie argues that the United States has not established the Internal Revenue Service ("IRS") as a government agency, that he is not a federal citizen subject to suit in this District, that the IRS Restructuring and Reform Act of 1998 left only one IRS district — the District of Columbia — so the district that oversees Nevada has no authority to take any action with respect to Ogilvie, and that various sources have opined that the United States is bankrupt. These facts together, Ogilvie argues, render the Indictment void. These arguments are meritless. The Court finds no legal basis to conclude that it lacks jurisdiction over Ogilvie's criminal prosecution. That the IRS is an agency of the United States cannot be seriously questioned. *See, e.g.*, *Salmon v. Dept. of Treasury,* 899 F.Supp. 471, 472 (D. Nev. 1995) (rejecting this claim). Ogilvie provides no support for his fanciful argument that the IRS lacks authority to pursue its core tax collection function outside of the District of Columbia, or his argument that the Court cannot exercise criminal jurisdiction because he is purportedly not a "federal citizen."

Ogilvie also invokes the Religious Freedom Restoration Act ("RFRA") and the Free Exercise and Establishment Clauses as affirmative defenses to the charges in the Indictment. With respect to the Free Exercise Clause, Ogilvie argues that the Indictment arises out of acts taken by the IRS and various government officials that impeded upon his rights to free exercise without compelling justification and not in the least restrictive mode possible. The Court does not doubt the strength of Ogilvie's religious beliefs, and assumes, as it must, that the collection of income taxes significantly burdens his free exercise rights. Nevertheless, courts have routinely held that the federal government's taxing power cannot be resisted on the basis of a religious objection, for the interest in maintaining an efficient and orderly taxation system is

compelling justification for burdens on religious freedom.  The Supreme Court's broad statement in *United States v. Lee,* 455 U.S. 252, 260 (1982) forecloses Ogilvie's argument.  Rejecting the free exercise claim of a member of the Old Order Amish who sought to avoid payment of Social Security taxes, the court held that "religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.*; *see also United States v. Cromhurst,* 629 F.2d 1297, 1300 (9th Cir. 1980) (rejecting as frivolous defendant's argument that filing a tax return would violate his religious convictions); *Droz v. Comm'r Internal Revenue,* 48 F.3d 1120, 1122-23 (9th Cir.1995) (holding that the government's compelling interest in collecting social security taxes outweighs the burden imposed on an individual's religious freedom); *Welch v. United States,* 750 F.2d 1101, 1108 (1st Cir. 1985) (religious belief did not excuse taxpayers from liability for failure to comply with tax laws); *Graves v. Commissioner of Internal Revenue,* 579 F.2d 392, 393 (6th Cir. 1978) (holding federal income tax laws did not unconstitutionally burden defendants' free exercise of religion); *United States v. Genger*, 842 F.2d 1295 (9th Cir. 1988) (same); *United States v. Ramsey*, 992 F.2d 831, 833 (8th Cir.1993) (holding that the First Amendment does not afford a right to avoid federal income taxes on religious grounds).  Contrary to Ogilvie's contention, the passage of RFRA does not impugn the validity of *Lee* and its progeny.  Instead, RFRA restored the level of scrutiny applied to laws that burdened religious exercise to that which existed before the Supreme Court's decision in *Employment Division v. Smith*, 494 U.S. 872 (1990), thereby ensuring the viability of the *Lee* line of cases. *See Droz,* 48 F.3d at 1122 n.2. As a result, this Court appropriately relies on cases decided before 1990, including the *Lee* decision.

Ogilvie also challenges the IRS' income tax collecting role as a violation of the Establishment Clause, arguing that the income tax represents a tenant of socialism, which he describes as a religion that the United States has established.  This argument likewise lacks merit, as he has not demonstrated that the income tax lacks a secular purpose, advances a particular religion, or that it fosters an excessive government

3

entanglement with religion. *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971) (establishing the test for determining whether government action violates the Establishment Clause).

Finally, Ogilvie lodges various challenges against the factual allegations in the Indictment, including the status of Tracy as his co-conspirator and allegations regarding Klaich Animal Hospital. None of these factual attacks warrant dismissal, however. These arguments go to the veracity of the government's claims against Ogilvie and Tracy, and must be presented to a jury at trial. All arguments about the facts that underlie the Indictment must be presented to a jury. Where, as here, probable cause existed for a grand jury to indict Defendants, the Indictment must stand.

The Court turns now to each individual motion, and denies it per the reasoning below.

### B.  Ogilvie's Motion to Strike Indictment (dkt. no. 52)

Ogilvie attacks the validity of the grand jury's indictment process, arguing that no quorum was present at the grand jury, that the Indictment was not presented in "open court," and the secrecy of the grand jury records violates the law. These arguments all lack merit.

Fed. R. Crim. P. 6(f) requires at least 12 jurors who concur before an indictment. This is presumably what Ogilvie means when he attacks the validity of the grand jury. But he provides no evidence in support of his accusation, and there is no indication that the grand jury indictment process was fundamentally flawed. Further, Fed. R. Crim. P. 6(f) requires that the grand jury "Return the indictment to a magistrate judge in open court." Ogilvie argues that the Indictment was not presented to the magistrate judge, but presents no evidence to that effect. In fact, the record shows that the Magistrate Judge received the Indictment in open court. (*See* dkt. no. 4.)

As to the grand jury's secrecy, Ogilvie cites to *United States v. Williams*, 504 U.S. 36 (1992) for the proposition that another branch of the government may not tamper with a grand jury. Although this is generally true, it does not support Ogilvie's argument

4

that grand jury records must be disclosed. *Williams* held that exculpatory evidence need not be presented to an otherwise lawfully formed grand jury. Further, grand jury proceedings remain secret, per Fed. R. Crim. P. 6(e)(2). *See In re Grand Jury Proceedings*, 62 F.3d 1175, 1180 (9th Cir. 1995) (listing five factors which determine the need for secrecy of grand jury testimony as "(1) the need to prevent the escape of prospective indictees; (2) the need to insure freedom to the grand jury in its deliberations; (3) the need to prevent subornation of perjury and tampering with witnesses by targets of the investigation; (4) the need to encourage free disclosure by witnesses before the grand jury; and (5) the need to protect those exonerated by the grand jury from disclosure of the fact that they were under investigation."). Ogilvie does not provide any reason for disclosure of the grand jury proceedings or any related documents.

Ogilvie also contends that the government has failed to disclose various materials relating to its Indictment against him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He fails to provide, however, any evidence or credible argument as to a *Brady* violation. This is merely a conclusory argument without any basis. Indeed, even if the government has failed to make a *Brady* disclosure now, it is only required to make a *Brady* disclosure in time for the defendant to make effective use of the material. *See, e.g., United States v. Vgeri,* 51 F.3d 876, 880 (9th Cir.1995) (no *Brady* violation when disclosure during trial still allowed the accused to make use of the evidence).

Ogilvie's remaining arguments challenge factual assertions made in the Indictment, including arguing that he possessed no criminal intent, that he did not conspire with any other individuals in the commission of the allegedly illegal acts, and that the various counts against him are duplicative. As explained above, trial is the proper forum for contesting the factual basis for a criminal indictment, not in a pre-trial motion to dismiss.

///

///

### C.     Ogilvie's Motion to Dismiss (dkt. no. 53)

This motion addresses Ogilvie's constitutional challenges to the Indictment. As explained above, his Free Exercise Clause and Establishment Clause attacks on the constitutionality of the IRS' conduct fail as a matter of law. Accordingly, his Motion to Dismiss on these grounds is denied.

### D.     Ogilvie's Motion for Bill of Particulars (dkt. no. 54)

Ogilvie's Motion includes a laundry list of documents he requests from the government, including all evidence relating to his indictment, as well as a number of nonsensical and irrelevant documents purportedly existing to justify the government's taxing function. These requests include, *inter alia*, overbroad requests for all employee and personnel records of those IRS employees who have worked on his taxes, computer records that detail financial records of a number of private and public federal entities, and legal opinions on the definitions of the words "income" and "dollar." There are too many to recount here, and are overly burdensome to respond to and irrelevant to his defense of the charges against him. Based on representations made by the government in its briefings and during the April 17, 2013, hearing, the Court finds that the government has complied with its discovery obligations under Fed. R. Crim. P. 16, and has provided all relevant *Jencks* materials to Ogilvie. The rest of Ogilvie's requests are irrelevant, burdensome, and vexatious.

### E.     Ogilvie's Motion for Clarification of Rules and Reconsideration of Dismissed Motions (dkt. no. 91)

Ogilvie seeks reconsideration of the Court's February 5, 2013, Order denying 11 motions. He argues that the government did not file a memorandum of points and authorities in response to his motions, in violation of the Local Rules. Ogilvie seeks clarification as to the applicability of the Local Rules that require a memorandum of points and authorities, implying that the Court's failure to enforce that Local Rule governing points and authorities demonstrates that the Local Rules, Fed. R. Crim. P., and Fed. R. Evid. have not been followed. Ogilvie claims that failure to enforce the

1  Local Rules also violates his religious freedom rights, presumably because it will lead to
2  his criminal liability that itself violates his right to free exercise. The Court also finds
3  these arguments to lack merit. There is no basis for this motion, since the government
4  has properly opposed and filed memoranda of points and authorities in support of each
5  response. This motion must be denied.

  **F.** **Ogilvie's Motion that Court Withdraw its Order that Creates a Substantial Burden upon Defendant's Religious Exercise (dkt. no. 94)**

8    Ogilvie challenges the Court's February 15, 2013, Order that appointed Ogilvie
9  stand-by counsel. He argues in his Motion that he holds a religious belief that does not
10 allow him to be represented by counsel, and that the Court's Order therefore violated
11 his religious expression rights. Ogilvie clearly misunderstands the role of stand-by
12 counsel.
13   It is well established that a trial court may appoint stand-by counsel "even over
14 the defendant's objection — to relieve the judge of the need to explain and enforce basic
15 rules of courtroom protocol or to assist the defendant in overcoming routine obstacles
16 that stand in the way of the defendant's achievement of his own clearly indicated goals."
17 *McKaskle v. Wiggins,* 465 U.S. 168, 182 (1984). Stand-by counsel's role is not to
18 deprive a pro se defendant's right to speak for himself, but to help "ensure the
19 defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* 183.
20 Here, the Court appointed stand-by counsel for Ogilvie after reviewing the initial series
21 of motions filed and determining that stand-by counsel is needed to ensure compliance
22 with the basic procedures governing proceedings in this Court. Thus, Ogilvie does not
23 face any burden from the Court's order. His Motion is denied.

  **G.** **Ogilvie's Renewed Motion to Dismiss Under RFRA (dkt. no. 148)**

25   Ogilvie's Renewed Motion to Dismiss simply rehashes many of the same
26 arguments presented in earlier discussed motions. As it is duplicative of Ogilvie's
27 previous filings, good cause exists to deny the Motion.
28 *///*

## II. TRACY'S MOTIONS

### A. General Arguments

The majority of the pending motions before the Court were filed by Defendant Tracy. In addition to these motions, Tracy filed numerous self-styled "Notices of Default." These Motions are mostly nonsensical, and lack any coherent basis to award Tracy any of his requested relief. Similarly, Tracy's numerous Notices all lack merit and were frivolously filed.

At the April 17, 2013, hearing, Tracy joined in the arguments made by Ogilvie in support of the Indictment's dismissal, and also argued that the United States' failure to seek permission of the local sheriff of his hometown invalidates his criminal prosecution. This argument is false: the United States need not notify, inform, or involve state or local law enforcement officials in its prosecutorial functions. For this reason, as well as those mentioned above, the criminal indictment against Tracy was validly issued, and the Court has jurisdiction over Tracy's criminal prosecution.

### B. Tracy's Motions to Quash (dkt. nos. 66, 67, 68, 71, 100, 101, 114, 112, 71)

Tracy filed numerous motions seeking to quash or strike the United States' responses to various motions. As explained during the April 17, 2013, hearing, litigants may file responses to any motions brought by opposing parties. Motions to strike those responses are granted only in exceptional circumstances. Disagreement with the merits of a particular response is not one of those circumstances. As Tracy fails to provide any appropriate reason to strike or quash the government's filings in this case, his Motions to Quash are summarily denied.

### C. Tracy's Motion to Dismiss Indictment for Lack of Underlying Charge (dkt. no. 72)

Tracy argues in this motion that the government manipulated the jurisdiction of the court to attempt to imprison Tracy under a one-person conspiracy. He challenges

///

the existence of a conspiracy, arguing that the government failed to show that another co-defendant acted along with him.

For the same reasons discussed above, Tracy's argument here is specious. The government is required to prove that Tracy entered into an agreement with another to obstruct a lawful function of the government by deceitful or dishonest means, and that he acted at least once in furtherance of that agreement. The Indictment supports these essential elements, since both Ogilvie and Tracy were indicted together, apparently as members of the same conspiracy. To the extent Tracy seeks to attack this allegation, he can do so at trial. A pre-trial motion to dismiss is not the appropriate vehicle to contest the facts that underlie a criminal indictment.

**D.  Tracy's Motions to Recuse (dkt. no. 74 and 87)**

Tracy filed two substantially identical Motions to Recuse. Both of these motions are nonsensical. They identify the religious organization that Tracy belongs to as a state, and request this judge's recusal because she failed to contact a member of the religious organization labeled as an ambassador. It is hard to decipher what these Motions say, and they certainly do not present any basis for recusal.

**E.  Tracy's Motions to Dismiss With Prejudice (dkt. nos. 103 and 121)**

These motions are largely nonsensical motions seeking to dismiss the entire indictment. Tracy argues that the grand jury proceeding that found probable cause to indict was held illegally because only one party was present, and the accused (or any representative of the accused) was not. This is obviously not a legitimate legal objection to the secrecy of a grand jury proceeding, as grand juries are convened without notice to a potential accused.

Tracy also appears to seek dismissal on the grounds that he is affiliated with a religious organization that is organized as a sovereign state which cannot be the subject of any criminal indictment. There is no evidence in the motion to demonstrate any kind of diplomatic status of any recognized state. There is no evidence that anything close

///

to a "diplomatic immunity" applies here. This motion lacks any evidentiary support, and must be denied.

Tracy also incorrectly argues that the government failed to file any points and authorities in support of its briefings. As described above, this argument is meritless.

### F. Tracy's Motion to Dismiss Stipulation (dkt. no. 117)

Tracy moves to dismiss the Stipulation to Continue Trial (dkt. no. 113) between the parties because it was not signed by the Court. This is a meritless motion, since stipulations do not need to be signed by the Court. They are treated as orders once they are signed by the Court, as this particular stipulation was two days after it was filed. (Dkt. no. 116). Accordingly, this Motion is denied.

### G. Tracy's Motion to Notice Court Regarding Document Number 93 (dkt. no. 122)

This is a notice filed by Tracy that he cannot attend the hearing on April 17, 2013, due to a medical condition. As the hearing was held on April 17, 2013, as scheduled with Tracy's presence, this Motion is denied as moot.

### H. Tracy's Notices

Tracy filed numerous "Notices," including notices entitled "Notices of Default" and notices to inform of his medical conditions. These Notices are improper and will be stricken.

## III. CONCLUSION

After reviewing the numerous motions filed by the parties, and considering the parties' arguments during the April 17, 2013, hearing, the Court finds good cause to deny all of the pending motions. As mentioned during the hearing, Defendants are informed that their objections, as memorialized in their motions, have been preserved for appeal.

Defendants are also instructed not to file any further filings that contain duplicative arguments brought in any of the motions disposed of above, or risk sanction from the Court.

Accordingly, IT IS HEREBY ORDERED that Defendant Bret Ogilvie's Motions (dkt. nos. 52, 53, 54, 91, 94, and 148) are DENIED.

IT IS FURTHER ORDERED that Defendant Linwood Tracy's Motions (dkt. nos. 71, 72, 74, 76, 77, 78, 87, 103, 110, 111, 117, 118, 119, 121, and 122) are DENIED.

IT IS FURTHER ORDERED that the following "Notices" are stricken from the records: Docket numbers 34-38, 39-40, 58, 60, 73, 86, 88-90, 102, 115, 120, 125-127, 129-147.

IT IS FURTHER ORDERED that documents relating to discovery, which need not be filed with the Court, be stricken. These documents are docket numbers 47, 55, 56 and 57.

IT IS SO ORDERED.

DATED THIS 19th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE