UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:12-cr-00121-LRH-WGC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| BRET OGILVIE AND LINWOOD TRACY, ) | |
| JR., ) | |
| ) | |
| Defendants. ) | |

Before the court are numerous motions filed by pro se defendants Bret Ogilvie and Linwood Tracy, Jr. These motions either function as requests for discovery from the government (##166[1] (Tracy), 187 (Ogilvie), 192 (Ogilvie), 200-02 (Tracy), 207 (Tracy), 219 (Ogilvie)) or as motions requesting dismissal of the indictment or in some way challenging the court's jurisdiction (##186 (Tracy), 188 (Tracy), 203 (Ogilvie), 213 (Ogilvie), 219 (Ogilvie), 222 (Ogilvie), 223 (Ogilvie)). In addition, defendant Tracy has filed a motion to recuse (#208). Tracy has also filed three motions styled "Notices" (##206, 217, 224). The government has replied to many (but not all) of these motions and has moved to strike others.

On November 28, 2012, these defendants were indicted on one count of conspiracy to defraud the United States for the purpose of impairing and obstructing the Internal Revenue Service's ("Service") lawful functions of collecting and assessing taxes. The indictment further charges Ogilvie with one count of corrupt interference with tax administration and five counts of making false claims.

---

[1] Refers to the court's docket entry number.

1    Defendants' pretrial motions violate the court's Order Regarding Pretrial Proceedings
2 (##20, 22), which provides that the parties had until the end of January 2013 to file pretrial
3 motions. Under Federal Rule of Criminal Procedure 12(c), "the court may . . . set a deadline for
4 the parties to make pretrial motions," including motions "alleging a defect in the indictment or
5 information." This deadline is not a recommendation: if the defendant wishes to file pretrial
6 motions after the deadline, he must first show good cause excusing their untimeliness. *See, e.g.*,
7 *U.S. v. Angle*, 234 F.3d 326, 334 (7th Cir. 2000). Since Defendants have not provided good
8 cause, their untimely pretrial motions are stricken to the extent they allege non-jurisdictional
9 defects in the indictment.

10    However, "at any time while the case is pending, the court may hear a claim that the
11 indictment or information fails to invoke the court's jurisdiction." Fed. R. Crim. P. 12(b)(3)(B).
12 The court has already considered the arguments rehearsed in Defendants' jurisdictional
13 challenges, finding "no legal basis to conclude that it lacks jurisdiction over [their] criminal
14 prosecution" and, more generally, that defendants have raised a succession of "meritless"
15 objections to the indictment (Order of April 22, 2013, #152).[2] The court has also consistently
16 admonished defendants to "cease filing frivolous notices and motions reiterating arguments
17 previously rejected by the Court." (Order of July 24, 2013, #183.)

18    With respect to Defendants' discovery motions, the court has observed that motion
19 practice (including numerous improperly filed "Notices") is not the proper way to request
20 discovery from the government. Furthermore, after an April 17, 2013 hearing, the court
21 concluded that "the government has complied with its discovery obligations under Fed. R. Crim.

---

[2] Defendants' jurisdictional challenges—especially those of Ogilvie—rest on the propositions that the "United States" is not the same entity as the "United States of America;" that the "United States District Court" is not the same entity as the "district court of the United States;" that the Religious Freedom Restoration Act somehow prevents Defendants' prosecution for tax evasion; that the United States Attorney lacks authority to prosecute criminals under the laws of the United States; that the present prosecution unlawfully infringes on the State of Nevada's sovereignty; and still other, similarly frivolous arguments. The court denies them all (again).

P. 16." (Order of April 22, 2013, #152.) Defendants' discovery requests continue to be "irrelevant, burdensome, and vexatious." (*Id.* (noting, for example, that Ogilvie has requested the government to provide "legal opinions on the definitions of the words 'income' and 'dollar'").) Defendants' discovery requests are accordingly denied.

Turning to Tracy's Motion to Recuse, the gravamen of his complaint seems to be that, by presiding over his prosecution, the court has violated 42 U.S.C. § 1983. The court cannot make heads or tails of Tracy's argument, and his Motion is therefore denied. Finally, the court interprets Tracy's "Notices" for "Medical Leave of Absents" (sic) as requests for a continuance based on Tracy's impending surgery. The court addressed this request at a September 3, 2013 hearing, and therefore these "Notices" are denied as moot. These filings merit two more comments: first, "Notices" are not recognized as legitimate filings under the Local Rules. Second, when Tracy provides the court with his medical records as addressed in the September 3 hearing, he is reminded to file any sensitive information (including personal identifiers like social security numbers) under seal.

IT IS THEREFORE ORDERED that Defendants' pretrial motions ##186, 188, 203, 213, 219, 222, and 223 are hereby DENIED.

IT IS FURTHER ORDERED that Defendants' discovery motions ##166, 187, 192, 200-02, and 207 are DENIED.

IT IS FURTHER ORDERED that Tracy's Motion to Recuse (#208) is DENIED.

IT IS FURTHER ORDERED that the government's Motions to Strike (##190, 215) are DENIED as moot. The government's request for monetary sanctions is DENIED.

IT IS FURTHER ORDERED that the Tracy's "Notices" (##206, 217, 224) are DENIED as moot.

IT IS FURTHER ORDERED that the government is relieved from responding to further motions filed by Defendants unless a response is requested by the court.

\\
\\
\\

1     IT IS FURTHER ORDERED that, beginning twenty (20) days from the date of entry of
2 this Order, no further motions by Defendants shall be considered unless the moving defendant
3 has shown and the court has found good cause excusing their untimeliness.

5     IT IS SO ORDERED.
6     DATED this 5th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE