UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                           )<br>                 Plaintiff,                        )<br>                                                           )<br>         v.                                                )<br>                                                           )<br>BRET OGILVIE,                                )<br>LINWOOD TRACY, JR.,                 )<br>                                                           )<br>                 Defendants.                   )<br>_____ ) | 3:12-CR-00121-LRH-WGC<br><br>ORDER |

Before the Court are The United States of America's ("the Government's") Motions In Limine to exclude Defendants from asserting a defense under the Religious Freedom Restoration Act ("RFRA") (Doc. #242),[1] to exclude Defendants from asserting a defense that the Court does not have jurisdiction (Doc. #243), and to exclude Defendants from asserting a defense based upon diplomatic immunity (Doc. #244).  Defendant Bret Ogilvie ("Ogilvie") filed a Response to all three of the Government's Motions.  Doc. #262.

**I.      Facts and Background**

On November 28, 2012, Defendants were indicted on one count of conspiracy to defraud the United States for the purpose of impairing and obstructing the Internal Revenue Service's ("IRS's") lawful functions of collecting and assessing taxes.  *See* Doc. #1.  The indictment further charges Bret Ogilvie ("Ogilvie") with one count of corrupt interference with tax administration and

---

[1] Refers to the Court's docket number.

five counts of making false claims. *See id.* Defendants have, on numerous occasions, asserted that the RFRA bars the charges against them as presented in the indictment, that the Court is without jurisdiction to hear this case, and that charges against them are invalid because they are entitled to diplomatic immunity. The Court has considered the aforementioned arguments on several occasions, ultimately finding "no legal basis to conclude that it lacks jurisdiction over [Defendants'] criminal prosecution" and further finding "meritless" their objections to the indictment. *See* Doc. #152; *see also* Doc. #183; *see also* Doc. #226. With that in mind, the Court proceeds to evaluate the present Motions In Limine.

**II.     Legal Standard**

A motion in limine is a mechanism to exclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion, including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on motions in limine are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, a court may exclude otherwise relevant evidence "if its probative value is substantially outweighed

by the danger of unfair prejudice." Fed. R. Evid. 403.  Evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when outside events would distract reasonable jurors from the real issues in a case.  *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

**III.     Discussion**

    **A.  Religious Freedom Restoration Act**

In its first Motion, the Government seeks to obtain an Order from the Court that Defendants shall refrain from attempting to introduce evidence, making any comment during any portion of the trial, or raising as an affirmative defense any argument relating to the RFRA.  *See* Doc. #242. Principally, the Government contends that Defendants' argument that the RFRA bars the charges against them in the indictment, is without merit as a matter of law.  *See* Doc. #242.[2]  The Court agrees.  While the Court does not doubt the sincerity of Defendants' religious convictions or that Defendants' religious exercise has been substantially burdened by the collection of tax revenues, the Court concludes that Defendants' legal argument with respect to the RFRA is without merit. As stated in the Court's April 22, 2013 Order (Doc. #152) and again in the Court's September 5, 2013 Order (Doc. #226), courts have routinely held that the federal government's taxing power may not be challenged on the basis of religious objection, for the compelling interest in maintaining an efficient and orderly taxation system outweighs the burden imposed on an individual's religious freedom.  *See United States v. Lee*, 455 U.S. 252, 260 (1982) (rejecting the free exercise claim of a member of the Old Order Amish who sought to avoid payment of social security taxes and holding that "religious belief in conflict with the payment of taxes affords no basis for resisting the tax"); *see also Droz v. Comm'r Internal Revenue*, 48 F.3d 1120, 1122 n.2 (9th Cir. 1995) (explaining that the RFRA restored the "compelling interest" and "least restrictive means" tests); *see also Jenkins v. Comm'r of Internal Revenue*, 483 F.3d 90, 92 (2d Cir. 2007) (explaining that it is "well settled that

---

    [2]  The Court also notes that, contrary to Ogilvie's assertion, the government has adequately responded to Defendants' RFRA argument pursuant to the Local Criminal Rules.  *See* Doc. #112.

[the] RFRA does not afford a right to avoid payment of taxes for religious reasons); *see also* April 22, 2013 Order (Doc. #152) (citing a litany of cases establishing that religious belief in conflict with the payment of taxes affords no legal basis for resisting those federal taxes).

Defendants cite *Browne v. United States*, 176 F.3d 25, 26 (2d Cir. 1999), for the proposition that the "least restrictive means" by which the IRS may further the compelling governmental interest in uniform, mandatory participation in the federal income tax system is voluntary compliance, not criminal prosecution. However, Defendants misunderstand the holding of *Browne*. *Browne* was a civil case in which plaintiffs sought to collect a refund of the penalties and interest levied against them by IRS for withholding a portion of their taxes for religious reasons. The court held that the penalties and interest assessed by the IRS in that case *did not* violate the RFRA. *See id.* More importantly, the court reiterated that "the broad public interest in maintaining a sound tax system is of such a high order, [that] religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.* Based on the foregoing controlling authority and the Court's previous Orders, the Court finds that any evidence related to an RFRA defense is not legally relevant to a determination of this action and thus inadmissible. Accordingly, pursuant to Federal Rule of Evidence 401, the Court orders that Defendants shall not attempt to introduce evidence, make any comment during any portion of the trial, or raise as an affirmative defense any argument related to the RFRA.

**B. Jurisdiction**

In its second Motion, the Government seeks to obtain an Order from the Court that Defendants shall refrain from attempting to introduce evidence, making any comment during any portion of this trial, or raising as an affirmative defense any argument challenging the Court's jurisdiction over this case. *See* Doc. #243. Principally, the Government contends that Defendants' arguments that the Court does not have jurisdiction to preside over this case, that the IRS is not an agency of the United States, and that they are not "federal citizens" of the United States are without merit and should not be presented to the jury. *See* Doc. #243. The Court agrees. Pursuant to 18

4

U.S.C. §3231, the Court clearly has jurisdiction to hear this case.  Moreover, that the IRS is an agency of the Untied States cannot seriously be questioned.  *See, e.g., Salmon v. Dept. of Treasury*, 899 F.Supp. 471, 472 (D. Nev. 1995) (firmly rejecting this claim).  Finally, Defendants' assertion that the Court cannot exercise criminal jurisdiction because they are purportedly not "federal citizens" is fanciful, but entirely frivolous.  Based on the foregoing conclusions, the Court finds that any asserted defense challenging the Court's jurisdiction is not legally relevant to a determination of this action and thus inadmissible.  Accordingly, pursuant to Federal Rule of Evidence 401, the Court orders that Defendants shall not attempt to introduce evidence, make any comment during any portion of the trial, or raise as an affirmative defense any argument related to the Court's jurisdiction over this case.

**C. Diplomatic Immunity**

In its third Motion, the Government seeks to obtain an Order from the Court that Defendants shall refrain from attempting to introduce evidence, making any comment during any portion of this trial, or raising as an affirmative defense any argument asserting diplomatic immunity.  *See* Doc. #244.  Principally, the Government argues that Defendants' postulation that their asserted religious credentials deprive the Government of the power to pursue any criminal charges against them is meritless.  The Court agrees.  Defendants' argument that they are not citizens of the United States, but rather "one-man countries," who have created their own ecclesiastical states, is frivolous and entirely lacking in merit.  Based on this conclusion, the Court finds that any asserted defense related to diplomatic immunity is not relevant to a determination of this action and thus inadmissible.  Accordingly, pursuant to Federal Rule of Evidence 401, the Court orders that Defendants shall not attempt to introduce evidence, make any comment during any portion of the trial, or raise as an affirmative defense any argument related to diplomatic immunity.

///

///

1  IT IS THEREFORE ORDERED that the Government's Motions In Limine (Docs. #242, #243, and #244) are GRANTED.

IT IS FURTHER ORDERED that Defendants shall not attempt to introduce evidence, make any comment during any portion of the trial, or raise as an affirmative defense any argument related to the RFRA, any argument challenging this Court's jurisdiction, or any argument related to diplomatic immunity.

IT IS SO ORDERED.

DATED this 27th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE