UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:12-CR-00121-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| BRET OGILVIE, ) | |
| LINWOOD TRACY, JR., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Linwood Tracy, Jr.'s ("Tracy's") Motion to Dismiss. Doc. #290.[1] The United States filed a Response (Doc. #292), to which Tracy replied (Doc. #294).

I.  **Facts and Background**

On November 28, 2012, Tracy was indicted on one count of conspiracy to defraud the United States for the purpose of impairing and obstructing the Internal Revenue Service's ("IRS's") lawful functions of collecting and assessing taxes in violation of 18 U.S.C. §371. *See* Doc. #1. On December 3, 2013, day two of the jury trial in this matter, Tracy made an oral motion to dismiss the aforementioned count for failure to allege all of the elements of the offense in the indictment. Doc. #272.[2] The Court reserved its ruling on Tracy's oral motion to dismiss and allowed the parties ten

---

[1] Refers to the Court's docket number.

[2] A motion to dismiss based upon a claim that the indictment fails to state an offense may be raised "at any time while the case is pending." Fed. R. Crim. Proc. 12(b)(3)(B).

(10) days to file briefing on the issue.  Doc. #273.  On December 4, 2013, after a two-day jury trial, the jury returned a verdict of guilty as to the aforementioned count against Tracy.  *See* Doc. #273.

## II.   Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and it "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  Fed. R. Crim. Proc. 7(c)(1).  Moreover, an indictment must set forth each element of the offense charged such that it "fairly informs a defendant of the charge against which he must defend[.]"  *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing and quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  Finally, "an indictment's *complete* failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal[.]"  *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)) (emphasis added).

## III.   Discussion

Tracy contends that because the indictment does not specifically allege that Defendants used "deceitful and/or dishonest means" to defraud the United States, it must be dismissed.  *See* Doc. #290.  Indeed, the Supreme Court and the Ninth Circuit have made it clear that in order to be found guilty under 18 U.S.C. §371, the defendant must have defrauded the government "by deceit, craft or trickery, or at least by means that are dishonest."  *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993) (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)).

Here, count one of the indictment charges Tracy with violating 18 U.S.C. §371 as follows:

> From on or about February 22, 2008, the exact date being unknown to the grand jury, and continuing thereafter until November 18, 2008 in the District of Nevada, BRET OGILVIE and LINWOOD TRACY, Defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the grand jury to defraud the United States of America for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to-wit income taxes.

1  Doc. #1.  The indictment goes on to detail the following conduct as comprising the "manner and
2  means" by which Defendants sought to defraud the United States:

    1. Threatening to sue the Internal Revenue Service for $10 million if the IRS did not remove a tax lien on Ogilvie's residence.
    2. Setting up a corporation sole entitled "Title of Liberty, Prince of God and his Successors, a Corporation Sole".
    3. Threatening to sue employees of the Internal Revenue Service.
    4. Filing a frivolous lawsuit in the District Court of Washoe County, Nevada.
    5. Transferring compensation to a bank account in the corporation sole's name in an attempt to evade taxes.

Doc. #1.

The Court finds that the indictment adequately alleges that Tracy engaged in the necessary "deceitful and/or dishonest" conduct by specifying the manner and means by which Defendants sought to accomplish the conspiracy.  Individually and cumulatively, those acts amount to an allegation that Defendants carried out the conspiracy by "deceitful and/or dishonest means." Moreover, the specificity of the "manner and means" portion of the indictment provided Tracy with better notice of the charges against him than would a vague recitation of the "deceitful and/or dishonest means" language of which he claims he was deprived.  *See Resendiz-Ponce*, 549 U.S. at 107-08 (finding that "the use of the word 'attempt,' coupled with the specification of the time and place of respondent's attempted illegal reentry . . . provided respondent with more adequate notice than would an indictment describing particular overt acts").  Thus, the use of the word "defraud," coupled with the detailed explanation of the manner and means by which Defendants sought to accomplish the conspiracy satisfied the requirement that the indictment set forth each element of the crime charged.  Accordingly, the Court finds that Tracy's Motion to Dismiss is without merit.

///
///
///
///
///

1  IT IS THEREFORE ORDERED that Tracy's Motion to Dismiss (Doc. #290) is DENIED.

2  IT IS SO ORDERED.

3  DATED this 9th day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE